IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **GENESIS HEALTH CLUBS, INC.,** | )<br>)<br>) |
| Counter-Claim Defendant, | )<br>)<br>) |
| vs. | ) Case No.: _____<br>) |
| **KYNDALL P. STOKER** | )<br>)<br>)<br>) |
| Counter-Claim Plaintiff. | )<br>)<br>) |

### GENESIS HEALTH CLUB, INC.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C.A. § 1446(a), Counterclaim Defendant Genesis Health Clubs, Inc. ("**GHC**") files its notice of removal of the civil action pending before the Circuit Court of St. Louis County, Missouri, captioned as *Genesis Health Clubs, Inc. v. Kyndall P. Stoker*, No. 20SL-AC20417-01. GHC's statement of the grounds for removal is as follows:

### I.    PARTIES

1. Counterclaim Defendant, GHC, is a Kansas corporation with its principal place of business in Kansas.

2. Counterclaim Plaintiff, Kyndall P. Stoker ("Ms. Stoker"), is a Missouri citizen, residing in St. Louis County, Missouri.

### II.    FACTUAL AND PROCEDURAL BACKGROUND

3. This case initially arose from a gym membership agreement ("Contract"), entered into between GHC and Ms. Stoker, pursuant to which GHC would provide Ms. Stoker with a membership to GHC's health club facilities ("Club") located in Springfield, Missouri, and in exchange Ms. Stoker would pay monthly membership dues to GHC.

4. Ms. Stoker used the Club but never paid any of her dues. Regardless, GHC made many attempts to contact and work with Ms. Stoker on coming to a workable payment arrangement. These attempts ultimately failed.

5. On October 18, 2019, GHC sued Ms. Stoker for breach of contract in the Circuit Court of Greene County, Missouri, at Springfield. *See* **Appendix A-6.**

6. On December 12, 2019, the Greene County Circuit Court entered default judgment in favor of GHC and against Ms. Stoker for a grand total of $2,736.81. *See* **Appendix A-12.**

7. A month later, Ms. Stoker engaged counsel for the first time. She moved to set aside the judgment (*see* **Appendix A-14**) and the Green County Circuit Court granted that request, vacating the judgment on February 13, 2020. *See* **Appendix A-2** (Docket Order, Feb. 11, 2020). On the same date, Ms. Stoker filed her Answer and Counterclaim to GHC's Petition. *See* **Appendix A-26** (herein, "Original Counterclaim").

8. In her Original Counterclaim, Ms. Stoker alleged that GHC breached the Contract and she sought damages against GHC "for an amount that is fair and reasonable and less than Twenty-Five Thousand Dollars ($25,000)…." *See id.* ("WHEREFORE" provision).

9. Another three months passed and Ms. Stoker then moved to change the venue of the action to St. Louis County, Missouri, based on allegedly improper venue. Ultimately, the case was transferred to St. Louis County, Associate Circuit Court, on July 20, 2020. *See* **Appendix A-5** (Docket Order, July 20, 2020).[1]

---

[1] It bears mentioning that the transfer of venue was improper for several reasons. It was substantively improper on the merits in that Ms. Stoker was not a resident of St. Louis County when the case was initiated. GHC argued as much in its opposition response. However, the merits of Ms. Stoker's motion and GHC's response were never reached as the Greene County Circuit Court ordered transfer before expiration of the time allotted by the Missouri rules for GHC to file its response. The Greene County Circuit Court essentially conceded as much and in fact apologized to GHC's counsel. However, because the Greene County Circuit Court had already ordered the case transferred, it lost jurisdiction to reverse itself.

10. Yet another three months passed with this action sitting largely dormant in St. Louis. Then on October 15, 2020, Ms. Stoker filed her First Amended Counterclaim for Class Action, which raises a new theory of liability against GHC (superseding the first), asserts new damages far in excess of those claimed in the Original Counterclaim, and now even seeks to certify a class. *See* **Appendix A-93** (herein, "First Amended Counterclaim").

11. Specifically, Ms. Stoker now asserts a claim against GHC for an alleged violation of the Missouri Merchandising Practices Act ("MMPA"); asserts that her actual damages now exceed $25,000; asserts, for the first time, a claim for punitive damages "in excess of $100,000;" and now asserts that her claim is the same as putative class of persons she seeks to certify, who are unknown but apparently there are at least 40 members. *See id.* (Am. CounterCl. ¶¶ 19–28. *See also* Am. CounterCl. ("Wherefore" section)).

### III. BASIS FOR REMOVAL

12. A civil action brought in a state court over which the district courts of the United States have original jurisdiction may be removed by a defendant to the district court of the United States for the district and division embracing the place where the action is pending. 28 U.S.C.A. § 1441(a).

   a. **Original Jurisdiction Exists.**

13. A district court of the United States has original (or "diversity") jurisdiction over a civil action where (1) the amount in controversy exceeds $75,000, exclusive of interest and costs, and (2) the action is between citizens of different states. 28 U.S.C.A. § 1332(a),(1).

14. Under prong (1) of the jurisdictional analysis, generally the amount of damages to which a party claims she is entitled suffices to establish the amount in controversy. *See OnePoint Solutions, LLC v. Borchert*, 466 F.3d 342, 348 (8th Cir. 2007). Indeed, "a plaintiff's good faith

allegation is to be taken as true unless challenged…." *Burns v. Mass. Mut. Life Ins. Co.*, 820 F.2d 246, 248 (8th Cir. 1987). And, to be sure, "[p]unitive damages are included in determining the amount in controversy." *Allison v. Security Ben. Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992).

15. Ms. Stoker claims damages of *at least* $125,000, exclusive of the interest, costs, and attorneys' fees. *See* Am. Countercl. ¶¶ 19—28. That amount includes her claim for punitive damages "in excess of $100,000." *Id.* ¶ 19. The amount in controversy threshold is satisfied.

16. Under prong (2), the parties to an action are citizens of different states if no plaintiff is a citizen of the same state as any defendant. *OnePoint Solutions*, 486 F.3d at 346.

17. For purposes of a jurisdictional analysis, a corporation is a citizen of any state in which it is incorporated and of the state where it has its principal place of business. 28 U.S.C.A. § 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (same).

18. "[T]he phrase 'principal place of business' in section 1332(c)(1) refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 81–82 (2010) ("Lower federal courts have metaphorically called that place the corporation's 'nerve center.'").

19. GHC is incorporated in Kansas—not in Missouri—and has its principal place of business located in Kansas—not in Missouri. Ms. Stoker is a citizen of Missouri, residing in St. Louis County. Complete diversity therefore exists.

20. Accordingly, the district courts of the United States have diversity jurisdiction under section 1331 and the state court action is therefore removable under section 1441. *See* 28 U.S.C.A. § 1331(a); 1441(c).

      b.     **Removal is Timely and Proper.**

21.    As the district and division "embracing" the Circuit Court of St. Louis County, the Eastern District of Missouri is the proper venue upon removal. *See* 28 U.S.C.A. § 1441(a).

22.    Removal is effectuated upon defendant's timely filing of a notice of removal in the appropriate United States District Court, so long as defendant files a copy of the same with the clerk of the state court and serves a copy of the same on all adverse parties. *See* 28 U.S.C.A. §§§ 1446(a); 1446(b)(1); 1446(d). Compliance with the foregoing "shall effect the removal and the State court shall proceed no further unless and until the case is remanded." *Id.* § 1446(d).

23.    Section 1446(b) sets forth the time within which a defendant must file for removal:

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> …
>
> (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

*Id.* § 1446(b)(1),(3).

24.    While GHC initiated this action as the original plaintiff, Ms. Stoker's First Amended Counterclaim operates as "[the] amended pleading…from which it [was] first…ascertained that the case is one which is or has become removable." *See id.* § 1446(3).

25.    GHC first received the First Amended Counterclaim by electronic notice of the same, on the day it was filed, October 12, 2020. Removal is therefore appropriate and timely under subsection (b)(3) of section 1446.

c.     **Section 1446's One-Year Limitation Does Not Foreclose Removal.**

26.     GHC acknowledges that, in certain cases, subsection (c) of section 1446 limits the ability of a party to remove a case under subsection (b)(3). Subsection (c)(1) provides as follows:

> A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

28 U.S.C.A. § 1446(c)(1). Ostensibly, the foregoing would operate to bar the state court action from being removed to this Court. However, such is not the case here.

27.     This much is clear: Ms. Stoker's Original Counterclaim did not state a basis for removal. Again, her Original Counterclaim raised a common law breach of contract theory of liability and sought "less than Twenty-Five Thousand Dollars ($25,000)" in damages. *See supra* ¶ 8 (emphases added).

28.     Her First Amended Counterclaim is the functional equivalent of an entirely new cause of action against GHC. Specifically, Ms. Stoker: (i) no longer brings a common law breach of contract claim, but instead espouses a theory of liability under a Missouri statute (the MMPA); (ii) no longer seeks damages "less than" $25,000, but now claims damages in excess of $125,000; and (iii) now seeks to certify a class of persons, who are unknown but according to Ms. Stoker, there are at least 40 members. *See supra* ¶ 11.

29.     Section 1446's time limitation was not designed to limit GHC's right to remove in this case. It does not apply for one of two reasons, or both, as follows.

30.     First, there is no ostensible reason why Ms. Stoker delayed filing her First Amended Counterclaim, other than in an attempt to prevent removal. Assuming for purposes of this analysis that the allegations she asserts in her First Amended Counterclaim are true, there is no reason she could not have asserted them eight months earlier through her Original Counterclaim. This is not

6

a case where new discovery was had which shed light on new facts that may have given rise to a new theory of liability or increased damages.

31. The First Amended Counterclaim no doubt fundamentally changes the nature of this litigation. But there is no apparent, legitimate, reason for Ms. Stoker's decision to amend her counterclaim three days before the expiration of section 1446's one-year time limitation. Her maneuvering cannot therefore prevent removal.

32. Furthermore, because Ms. Stoker's First Amended Counterclaim fundamentally changes the nature of this action, the case is removable even if her conduct does not rise to the level of bad faith. This is so under the recognized "revival exception" to the time limitations imposed by section 1446. *See Haren & Laughlin Const. Co., Inc. v. Granite Re, Inc.*, 2011 WL 5822414, *2 (W.D. Mo. Nov. 16, 2011) (noting that federal courts "have recognized a 'revival exception'" to the time limitations imposed by section 1446); *RLR Investments, LLC v. City of Pleasant Valley, MO*, 2019 WL 1472109, *3 (W.D. Mo. Apr. 3, 2019) (same).

33. The very purpose of the revival exception is to allow a party like GHC, who—through no fault or inadvertence of its own—could not possibly have removed a case within the time limitations of section 1446 because the opposing party amended her pleading so far beyond the commencement of the action. *See RLR Investments, LLC*, 2019 WL 1472109, at *3.[2]

34. In *RLR Investments, LLC*, the Western District of Missouri explained that the revival exception "provides that a lapsed right to remove is restored when the petition is amended so substantially as to alter the character of the action and constitute essentially a new lawsuit." *Id.* (citing *Johnson v. Heublein, Inc.*, 227 F.3d 236, 241 (5th Cir. 2000); *Wilson v. Intercollegiate (Big*

---

[2] It should be noted that there are several substantive and procedural issues with respect to the First Amended Complaint. For example, Ms. Stoker did not seek and obtain leave to amend her Original Complaint before filing it. GHC intends to take up any and all such issues, but first brings this Notice of Removal to preserve its right to remove above all else.

7

75451838.3

*Ten) Conference Athletic Ass'n*, 668 F.2d 962, 965 (7th Cir. 1982)). While the Court in *RLR Investments* ultimately did not apply the revival exception, its reasoning was that the case was clearly removable at the onset of the case, and not removable solely by virtue of an amended pleading. The exact opposite is true here.

35.   In sum, Ms. Stoker's tactics including her own inaction for the last eight months cannot operate to foreclose GHC's right to remove. Whether she be deemed to have engaged in bad faith delay or whether a revival exception applies, GHC's right to remove must be honored.

36.   GHC timely files this notice under section 1446(a), is simultaneously filing a copy of the same with the Clerk of the St. Louis County Circuit Court, serving the same on all parties of record in the state court action and otherwise complying with Local Rule 2.03.

37.   Accordingly, the state court action must be removed to the Eastern District.

**WHEREFORE**, Genesis Health Clubs, Inc., respectfully requests that the civil action currently pending before the Circuit Court of St. Louis County, Missouri, captioned <u>Genesis Health Clubs, Inc. v. Kyndall P. Stoker</u>, No. 20SL-AC20417-01, be removed to the United States District Court for the Eastern District of Missouri, and that this Court take and retain jurisdiction of this action for determination of all issues, trial and judgment, to the exclusion of any further proceedings in the Circuit Court of St. Louis County, Missouri.

Respectfully submitted,

**POLSINELLI PC**

By: */s/ James P. Martin*
    JAMES P. MARTIN    (#56250)
    100 S. Fourth Street, Suite 1000
    St. Louis, MO 63102
    Phone: (314) 889-8000
    jmartin@polsinelli.com

    BRENDAN L. McPHERSON  ( #60428)
    SAMUEL C. BARFOOT    (#68991)
    900 West 48th Place, Suite 900
    Kansas City, MO 64112-1895
    Phone:  (816) 753-1000
    Fax:  (816) 753-1536
    bmcpherson@polsinelli.com
    sbarfoot@polsinelli.com

***ATTORNEYS FOR GENESIS HEALTH CLUBS, INC.***

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 11, 2020, I caused to be served a true and accurate copy of the foregoing through the Court's electronic filing system, to generate notice to all parties of record.

      /s/ James Martin
      ***Attorney for Genesis Health Clubs, Inc.***