A-93

Electronically Filed - St Louis County - October 12, 2020 - 05:01 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**
**ASSOCIATE DIVISION**

| | | |
|---|---|---|
| GENESIS HEALTH CLUBS, INC., | ) | |
| | ) | |
| | ) | Cause No:  20SL-AC20417 |
| Plaintiff, | ) | |
| | ) | Division 44 |
| vs. | ) | |
| | ) | |
| KYNDALL P. STOKER, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S FIRST AMENDED COUNTERCLAIM FOR CLASS ACTION**

COMES NOW Defendant, Kyndall Stoker, individually, and on behalf of all others similarly situated, and for her First Amended Counterclaim against Plaintiff, Genesis Health Clubs, Inc., states and shows the Court as follows:

1.      At all relevant times, Defendant/Counterclaimant, Kyndall Stoker ("Stoker"), is and was an individual and resident of the State of Missouri, residing in St. Louis County.

2.      At all relevant times, Plaintiff/Counterclaim Defendant, Genesis Health Clubs, Inc. ("Genesis"), is and was a party to and originally filed this lawsuit, maintaining claims against Stoker filed with the Court on October 18, 2019, in the Associate Division of the Circuit Court of Greene County, Missouri, styled *Genesis Health Clubs, Inc. v. Kyndall Stoker*, Case Number 1931-AC08261 ("the Stoker Action").

3.      Genesis generally claimed in the Stoker Action that it sold goods and services to Stoker related to a health and fitness club membership provided by Genesis.

4.      As part of the Stoker Action, a summons and petition was served on Stoker by the Sheriff of Greene County.  The requested summons was issued on October 21, 2019.

1

A-94

Electronically Filed - St Louis County - October 12, 2020 - 05:01 PM

5.      On November 27, 2019, a return of service was filed with the Court in the Stoker Action indicating that Stoker was served with the summons and petition.  On good faith information and belief, the return of service was signed by someone other than Sheriff Arnott, who attested he or she served Stoker with the summons and petition on November 26, 2019.  A true and accurate copy of the return of service is attached hereto as Exhibit 1.

6.       The person who signed the return of service was not appointed by the Court to serve a summons and petition in the Stoker Action as required by §506.140 RSMo and the summons was purportedly served more than 30 days after its issuance.

7.      On December 12, 2019, a default judgment was obtained against Stoker in the Stoker Action for $2,736.81, including court costs, fees for service of process, interest, and attorney's fees.  A true and accurate copy of the judgment is attached hereto as Exhibit 2.

8.      After entry of the default judgment, Genesis intended and attempted to collect the judgment.

9.      The December 12, 2019, judgment is void as a matter of law because the special process server that purportedly served Stoker with the summons and petition in the Stoker Action was not appointed by the Court to serve process and/or the summons was expired.

**Count I – Class and Individual Violations of the Missouri Merchandising Practices Act, §407.010 RSMo.,** *et seq***.**

10.      Stoker incorporates the allegations of the previous paragraphs as if fully set forth herein.

11.      Stoker seeks to represent a class of persons defined as follows:

All persons that were served with expired summonses in a collection lawsuit brought by Genesis and subsequently had a default judgment entered against them from October 12, 2014, until the date of class certification.

2

A-95

Electronically Filed - St Louis County - October 12, 2020 - 05:01 PM

Excluded from the class are persons who, prior to the entry of a default judgment, appeared personally in court or had counsel appear on their behalf.

12.     As admitted by Genesis in the Stoker Action, Genesis provided goods and services to Stoker. As such, the transaction at issue concerns "merchandise" as defined by §407.010 RSMo.

13.     The purported transactions between Stoker and the putative class members would not be completed until Stoker and the putative class members paid Genesis for the goods and services that are the subject of the lawsuits Genesis maintained against Stoker and the putative class members.

14.     Genesis engaged in deceptive and/or unfair practices in violation of §407.020 *et seq.*, RSMo. and the regulations governing the Missouri Merchandising Practices Act by taking default judgments against Stoker and the putative class members because Genesis had not acquired personal jurisdiction over Stoker and the putative class members. Such conduct was undertaken in connection with the sale of the goods and services at issue.

15.     Genesis engaged in deceptive and/or unfair practices in violation of §407.020 *et seq.*, RSMo. by collecting monies and/or attempting to collect monies from Stoker and the putative class members after default judgments were entered against them because Genesis had not acquired personal jurisdiction over Stoker and the putative class members. Such conduct was undertaken in connection with the sale of the goods and services at issue.

16.     The judgments entered against Stoker and the putative class members are void as a matter of law and should be declared void by this Court.  This Court should direct Genesis to set aside these judgments.

17.     Stoker and the putative class members are entitled to recovery of actual damages and attorney's fees pursuant to §407.025.1 RSMo.

3

A-96

Electronically Filed - St Louis County - October 12, 2020 - 05:01 PM

18.     The conduct of Genesis described herein was willful, wanton, and malicious and displayed a conscious disregard for the rights of Stoker and the putative class members, entitling them to an award of punitive damages pursuant to §407.025.1 RSMo.

19.     Stoker and the putative class members will seek punitive damages in excess of $100,000.00.

20.     Upon information and belief, there are at least 40 putative class members and joinder of all class members is impracticable.

21.     Stoker's claims are typical of the claims of the putative class members.

22.     Common questions of law and fact apply to the class. These questions may include, but are not limited to:

a)  Whether Genesis' conduct as described in this counterclaim is governed by the Missouri Merchandising Practices Act;

b)  Whether Genesis improperly requested and received entry of default judgments in Missouri courts;

c)  Whether Genesis used individuals to serve process in collection suits who were not authorized to serve process and/or used expired summonses;

d)  Whether Genesis' conduct violates the Missouri Merchandising Practices Act and its corresponding regulations;

e)  Whether Stoker and the putative class members are entitled to damages and attorney's fees under §407.025.1 RSMo.; and,

f)  Whether Stoker and the members of the proposed class are entitled to punitive damages under §407.025.1 RSMo. based on Genesis' willful, wanton and malicious conduct.

4

Electronically Filed - St Louis County - October 12, 2020 - 05:01 PM

23.     Stoker will fairly and adequately represent the putative class members.

24.     Stoker has retained counsel experienced in the prosecution of class actions, and Stoker is committed to vigorously prosecuting the claims.

25.     Questions of law and fact common to the putative class members predominate over any questions of fact or law affecting any individual member of the putative class.

26.     A class action is superior to other methods for the fair and efficient adjudication of this controversy.

27.     Stoker requests that the Court enter an order on behalf of herself and the putative class members declaring the judgments void as a matter of law and ordering Genesis to set said judgments aside.

28.     This Court is the proper Court to adjudicate this matter.  The *Rooker-Feldman* doctrine prohibits a federal court from adjudicating this dispute because the relief Stoker seeks includes a court order declaring the aforementioned judgments void as a matter of law and directing Genesis to set the judgments aside.

WHEREFORE, Defendant/Counterclaimant, Kyndall Stoker, individually and on behalf of all others similarly situated, requests that the Court enter an award against Genesis, in excess of $25,000.00 (Tweny-Five Thousand Dollars), and grant the following relief:

a)  Enter an order pursuant to Supreme Court Rule 52.08(b)(3) certifying this action as a class action, and appoint Kyndall Stoker as class representative;

b)  Enter an order appointing the undersigned/Onder Law LLC as class counsel;

c)  Enter judgment in favor of Kyndall Stoker and the class for all damages available under the Missouri Merchandising Practices Act, including actual damages, statutory damages, attorneys' fees, punitive damages, and costs incurred in bringing this action;

A-98

Electronically Filed - St Louis County - October 12, 2020 - 05:01 PM

d)  Enter an order or judgment declaring that the judgments entered against Kyndall

Stoker and the class members are void as a matter of law and ordering Genesis to set

aside all such judgments;

e)  Award Kyndall Stoker and the class all expenses incurred in the litigation and require

Genesis to pay the costs and expenses of class notice and administration; and,

f)  Award Kyndall Stoker and the class all taxable court costs and any other relief that

this Court deems just and proper.

**ONDERLAW, LLC**

By: */s/Matthew P. O'Grady*
        Matthew P. O'Grady, #47543
        110 E. Lockwood
        St. Louis, MO 63119
        (314) 963-9000
        (314) 963-1700 (facsimile)
        ogrady@onderlaw.com

        *Attorney for Defendant/Counter-Claimant*
        *Kyndall P. Stoker*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was electronically filed with the court on this 12th day of October 2020 and served upon all counsel of record via the court's electronic filing system.

*/s/ Matthew P. O'Grady*